[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTION FOR SUMMARY JUDGMENT
The present action involves an attempt by the plaintiff to recover on two notes now in default executed by the defendant relating to the payment of the balance of the purchase price provided in a asset purchase agreement under which the defendant acquired the assets of a corporation from the plaintiff. The parties are in agreement that the notes in question were subordinated, by their terms, to "Senior Indebtedness" which is defined in the notes as indebtedness "incurred in connection with the Buyer's acquisition of substantially all of the assets of the Seller." The parties are also in agreement that, subsequent to the sale of the assets and the issuance of the notes involved in the present litigation, the defendant became indebted to other parties under notes that are now in default. ("the subsequent indebtedness")
The defendant seeks a summary judgment asserting that the subsequent indebtedness constitutes Senior Indebtedness under the notes sued upon and therefore, there are no sums now due and payable. While stated as an affirmation of fact, the affidavits filed by the defendant merely re-state the definition of Senior Indebtedness and are, in fact, conclusions which are insufficient to support the granting of a summary judgment.
The plaintiff asserts that because of the timing and the parties involved, the subsequent indebtedness was incurred because of a need for working capital and not in connection with the acquisition of the assets. The plaintiff claims that the subsequent indebtedness is not Senior Indebtedness and therefore the plaintiff is entitled to accelerate the sums due on the notes sued upon and is entitled to summary judgment. However, the factual basis upon which the plaintiff's assertions are based are sufficient to warrant the granting of a summary judgment.
Accordingly, the determination of whether the subsequent indebtedness incurred by the defendant constitutes or does not constitute Senior Indebtedness must await further factual development. Accordingly, both Motions for Summary Judgment are denied. CT Page 6790
RUSH, J.